# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SHERMAN B. RONES,

      Plaintiff,

      v.                                   Case No. 09-C-949

BELINDA SCHRUBBE, MARY GORSKI,
MICHAEL THURMER, and  J.B. VAN HOLLEN,

      Defendants.

## ORDER

Plaintiff, a Wisconsin state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated.  He has paid the full filing fee.

Regardless of the plaintiff's fee status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  "Malicious," although sometimes treated as a synonym for "frivolous," "is more

usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. at ___, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, ___ U.S. at ___, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

In this case, plaintiff is suing Belinda Schrubbe ("Schrubbe"), Health Service Manager at Waupun Correctional Institution ("WCI"); Mary Gorski ("Gorski"), Nurse at WCI; J.B. Van Hollen ("Van Hollen"), State of Wisconsin Attorney General; and WCI Warden Michael Thurmer ("Thurmer"). Plaintiff claims that he sent numerous Health Service Requests to medical staff, Gorski, and Schrubbe, advising them of his debilitating sciatica and requesting a double mattress. He claims WCI staff were deliberately indifferent to his serious medical need.

Plaintiff alleges that his recorded history of back/sciatica problems began in the summer of 1997 when he severely twisted his back and was unable to return to work. The pain was so debilitating that he spent days lying on his back on the floor and was unable to get up without assistance. According to plaintiff, hospital records reflect that plaintiff received treatment including a spinal tap, physical therapy, as well as both inpatient and outpatient services.

Plaintiff alleges that he entered WCI's Health and Segregation Complex ("HSC") on April 9, 2007 and that, due to his severe lower back and leg pain, was unable to stand

3

properly and utilize the cell intercom for help. He further alleges that "untrained officers routinely [ ] assessed medical needs inappropriately and denied emergencies without consulting or having a nurse follow-up." (Compl. at 6.) As a result of denial of medical treatment from untrained officers, plaintiff did not receive medical treatment until May 11, 2007. Plaintiff also alleges that officers in the HSC inadequately dispensed pain medication, that his pain became so debilitating at night that he was lying on the cement floor unable to move, and that third-shift sergeants consulted him about his condition. He further alleges that defendant Gorski denied him access to prescribed medication. For relief, plaintiff seeks compensatory damages, punitive damages, and costs.

Deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, and thus is proscribed by the Eighth Amendment. Walker v. Benjamin, 293 F.3d 1030, 1040 (7th Cir. 2002) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). This is the case "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-05.

Plaintiff may proceed on an Eighth Amendment deliberate indifference to a serious medical need claim against defendants Schrubbe and Gorski. However, he may not proceed against defendants Thurmer and Van Hollen because they are not alleged to have been personally involved in plaintiff's claims. See Johnson v. Snyder, 444 F.3d 579, 584 (7th Cir. 2006); Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). In addition, defendant Van Hollen is absolutely immune from liability for his prosecutorial activities. Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Gauger v. Hendle, 349 F.3d 354, 358 (7th

4

Cir. 2003), *overruled on other grounds by Wallace v. City of Chicago*, 440 F.3d 421 (7th

Cir. 2006).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in

forma pauperis (Docket #2) is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that defendants Thurmer and Van Hollen are

dismissed;

**IT IS FURTHER ORDERED** that the plaintiff serve upon each defendant a copy of

the complaint, a waiver of service form, and/or summons, and a copy of this order;

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to

the complaint;

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the

institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney

General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-

7857; and

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and

legal material to:

>Honorable William E. Callahan, Jr.
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will

only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 9 day of February, 2010.


/s_____
LYNN ADELMAN
United States District Judge

Case 2:09-cv-00949-CNC   Filed 02/09/10   Page 6 of 6   Document 5